UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | 2:02-cr-00567-RCJ-LRL |
|---|---|
| Plaintiff, | ORDER **TO MODIFY A CONDITION OF SUPERVISED RELEASE** |
| vs. | |
| RICHARD GUTIERREZ, | |
| Defendant. | |

COMES NOW, defendant RICHARD GUTIERREZ, by and through his counsel, Rachel M. Korenblat, Assistant Federal Public Defender, and hereby files this motion to modify a condition of his supervised release.  This motion is brought pursuant to 18 U.S.C. § 3583(e)(2), Federal Rule of Criminal Procedure 32.1(c), and applicable case law.

Mr. Gutierrez requests that the Court remove the condition that he shall refrain from the use or possession of alcohol or, in the alternative, modify this condition to allow him to be employed at an establishment where alcohol is sold and consumed by patrons of the establishment.

DATED this 2nd day of February 2012.

RENE L. VALLADARES
Federal Public Defender

By /s/ Rachel M. Korenblat
RACHEL M. KORENBLAT
Assistant Federal Public Defender

1

# **MEMORANDUM OF POINTS AND AUTHORITIES**

On March 15, 2004, this Court sentenced Mr. Gutierrez to 24 months of custody and five years of supervised release to follow for Bank Fraud, 18 U.S.C. §§ 1344, 2. (CR 91 at p.2.) The Court further ordered Mr. Gutierrez to pay $228,749.16 in restitution. (*Id.* at p.5.) As a condition of Mr. Gutierrez's supervision, the Court ordered that he "shall be restricted from engaging in employment, consulting, or any association with the mortgage loan business or related businesses for a period of five years." (*Id.* at p.4.) Mr. Gutierrez served his term of incarceration and began serving his term of supervised release on December 9, 2004. After Mr. Gutierrez was arrested for a DUI in 2005, his supervision was modified to include a prohibition from the use or possession of alcohol. Mr. Gutierrez was also ordered by this Court to spend 14 days in the halfway house, 6 months of home confinement with electronic monitoring and breathalyzer testing, as well as counseling. Mr. Gutierrez completed all state court ordered conditions stemming from the DUI including paying his fine and attending classes. Mr. Gutierrez also successfully completed his term of home confinement, the halfway house and his counseling.

Mr. Gutierrez has not had any positive alcohol breath tests while on supervision. On August 6, 2008, however, the Court revoked Mr. Gutierrez's supervision for violating the prohibition against possessing alcohol, among other violations. (CR 321 at p.1.) With respect to the abstinence violation, probation found several bottles of hard alcohol and a 12-pack of beer at his home. Mr. Gutierrez did not purchase the alcohol for consumption. Rather, in a lapse of judgment, he had brought it home after an event for a non-profit, which Mr. Gutierrez sits on the board, to storage for the non-profit. The Court sentenced Mr. Gutierrez to 18 months of custody and 18 months of supervised release thereafter. The Court ordered that Mr. Gutierrez pay his remaining restitution balance of $226,904.16 and as conditions of supervision, the Court continued the alcohol restriction clause and the employment prohibition for 18 months. (*Id.* at pp.4, 5.)

Mr. Gutierrez commenced his second stint on supervision on February 10, 2010. Probation filed another petition to revoke Mr. Gutierrez's supervision primarily for allegedly committing a new state offense dating back to 2007 in Pennsylvania, as well as for failure to pay restitution among other violations. (CR 322.) Mr. Gutierrez was acquitted of the offense after a trial in Pennsylvania. After

returning to the District of Nevada, this Court found that Mr. Gutierrez had not been paying restitution (which amounts to $226,584.16). The Court sentenced him to credit for time served and 12 months of supervision with special conditions. (*Id.* at pp.2, 3.) The conditions include again the employment restriction and that he "shall refrain from the use and possession of beer, wine, liquor and other forms of intoxicants."[1] (*Id.* at p.4.)

Mr. Gutierrez respectfully requests that the Court remove the condition that he shall refrain from the use and/or possession of alcohol. This condition was in place after Mr. Gutierrez's DUI conviction, which was over 7 years ago. Since then, Mr. Gutierrez has had no other arrests from consuming alcohol. Mr. Gutierrez completed all his DUI requirements, and he has never had a violation for drinking alcohol against this Court's alcohol abstinence order.

A further reason to lift this condition is because it is interfering with Mr. Gutierrez's ability to gain employment. Because Mr. Gutierrez cannot seek employment in the mortgage field or related industries, he has been looking for jobs in the entertainment industry. Currently, Mr. Gutierrez has a job opportunity to work as an entertainment director/host at a restaurant/lounge that is set to open in the next 30 to 60 days. This employment is critical for Mr. Gutierrez to not only support himself, but also the income is needed so that he can continue to pay his restitution balance.

While Mr. Gutierrez's Probation Officer, Michelle Cravotta, opposes lifting the restriction on Mr. Gutierrez's ability to consume alcohol, she does not oppose his ability to work in an environment where others purchase and consume alcohol.

Working in the entertainment industry – especially because he is foreclosed from working in the mortgage industry and related industries – is a significant liberty interest for Mr. Gutierrez.. While a district court enjoys broad discretion to impose terms of supervision, the discretion to impose occupational restrictions is not unfettered. *See United States v. Stafford*, 983 F.2d 25, 28 (5th Cir. 1993) (noting that discretionary conditions of probation must be "reasonably related" to the goals of sentencing). Such restrictions may only be imposed if they are reasonably related to the factors set

---

[1] It appears that there is a typo in the employment restriction because it is for a period of 18 months, while Mr. Gutierrez's term of supervision is for 12 months.

forth in sections 3553(a)(1) and (a)(2);[2] and, as they are deprivations of the individual's liberty, such restrictions may be imposed only to the extent they "are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b)(6) (1994); *Stafford*, 983 F.2d at 28; *see also* U.S. Sentencing Guideline Manual § 5F1.5 (2010).

The legislative history of section 3563(b), which provides a non-exhaustive list of standard and special conditions for probation and supervised release, indicates that occupational restrictions should only be imposed to the extent they are "reasonably necessary" so as to "avoid[] a bar from employment that exceeds that needed to achieve [the result of preventing the continuation of illegal activities]." S.Rep. No. 225, 98th Cong. 1st Sess. at 92, 96-97, *reprinted in* 1984 USCCAN at 3275, 3279-80. Congress noted that hardship can flow from preventing a person from engaging in a specific occupation. *Id.* at 96, USCCAN at 3279.

Under 18 U.S.C. § 3563 and U.S.S.G § 5F1.5, occupational restrictions are a special condition that the court should not impose unless it finds that, without such a restriction, the defendant will continue to engage in unlawful conduct similar to that for which he was convicted and that such a condition is necessary to protect the public. *See United States v. Doe*, 79 F.3d 1309, 1323 (2d Cir. 1996); U.S.S.G. § 5F1.5(a)(1)-(2); *see also United States v. Smith*, 972 F.2d 960, 961 (8th Cir. 1992) ("conditions that restrict a probationer's freedom must be especially fine-tuned") (internal quotations omitted).

---

[2] 18 U.S.C. § 3553(a)(1)-(2) (1994) reads:

**(a) Factors to be considered in imposing a sentence.-**The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed-
　　**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
　　**(B)** to afford adequate deterrence to criminal conduct;
　　**(C)** to protect the public from further crimes of the defendant; and
　　**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The current restriction which prohibits Mr. Gutierrez from possessing alcohol interferes with his ability to work in an establishment where others purchase and consume alcohol such as restaurants, bars or lounges. Not surprisingly, these environments constitute a large percentage of available jobs in Las Vegas. Given the stale age of his DUI conviction, and that he has had no other arrests since then that stem from alcohol consumption, or any positive alcohol breath tests, this restriction is unnecessary to protect the public. Moreover, this condition unduly interferes with his ability to support himself and pay back his Court ordered restitution.

Thus, Mr. Gutierrez requests that the Court remove the alcohol abstinence condition as a term of his supervision, or, in the alternative, allow him to be employed in environments where alcohol is present.

**CONCLUSION**

For the aforementioned reasons, Mr. Gutierrez respectfully request this Court modify his term of supervision pursuant to 18 U.S.C. 3583(e)(2).

ORDER

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States Chief District Judge
Dated: This 21st day of February, 2012.